UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE LEE MITCHELL, JR., | **1:20-cv-01751-GSA-PC** |
| Plaintiff, | **ORDER TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE TO THIS CASE** |
| vs. | **AND** |
| GEORGE JAIME, | **FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM** |
| Defendant. | **(ECF No. 1.)** |
| | **OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

**I.     BACKGROUND**

Willie Lee Mitchell, Jr., ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983.  On December 11, 2020, Plaintiff filed the Complaint commencing this action which is now before the Court for screening. (ECF No. 1.)  28 U.S.C. § 1915.

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  To state a viable claim, Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  While factual allegations are accepted as true, legal conclusions are not.  Id.  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

### III.   PLAINTIFF'S ALLEGATIONS

Plaintiff is presently incarcerated at the California City Correctional Facility in California City, California, where the events at issue in the Complaint allegedly occurred.  Plaintiff names as the sole defendant George Jaime (Warden).  A summary of Plaintiff's allegations follows:

Plaintiff alleges that the trust account office supervisor collected restitution from Plaintiff's prison trust account for current case number YAO87647, when a court order specifically states, "Don't take from case number ending with 7647."  Comp. at 3 ¶ 3.  The trust account office went back to 1994 and collected from Plaintiff's prior conviction pursuant to Penal Code Section 2085.5(A).  There was no justification to use Section 2085.5.

Plaintiff seeks monetary damages as relief.

///

## IV.   PLAINTIFF'S CLAIMS

### A.   <u>Section 1983</u>

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.   "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" <u>Graham v. Connor</u>, 490 U.S. 386, 393-94 (1989) (quoting <u>Baker v. McCollan</u>, 443 U.S. 137, 144 n.3 (1979)); <u>see</u> <u>also</u> <u>Chapman v. Houston Welfare Rights Org.</u>, 441 U.S. 600, 618 (1979); <u>Hall v. City of Los Angeles</u>, 697 F.3d 1059, 1068 (9th Cir. 2012); <u>Crowley v. Nevada</u>, 678 F.3d 730, 734 (9th Cir. 2012); <u>Anderson v. Warner</u>, 451 F.3d 1063, 1067 (9th Cir. 2006).

### B.   <u>Due Process – Fourteenth Amendment Claim</u>

Plaintiff disagrees with the application of Penal Code Section 2085.5(A) to deduct funds from his prison trust account to satisfy a restitution order.

A state inmate has a property interest protected by federal due process in the funds in his prison trust account.  <u>Baker v. Ito</u>, Case No.: 19-cv-1156-GPC-TBM, 2019 U.S. Dist. LEXIS 118442, 2019 WL 3207978, at *3 (S.D. Cal. July 26, 2019) (citing <u>Quick v. Jones</u>, 754 F.2d 1521, 1523 (9th Cir. 1985)).  However, a deduction from an inmate trust account to satisfy a restitution order does not state a substantive or procedural due process claim if the deduction is authorized by state law.  <u>McKinley v. Frentz</u>, Case No.: 17cv0243-CAB-(BGS), 2017 U.S. Dist. LEXIS 96058, at*9-10; 2017 WL 2670996, at *3 (S.D. Cal. Sept. 19, 2011) (citing <u>see</u> <u>Turner v. Safley</u>, 482 U.S. 78, 89, 107 S. Ct. 2254, 96 L. Ed. 2d 64 (1987) ("[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.'"))  The Ninth Circuit has held that "California Penal Code § 2085.5, requiring the California Director of Corrections to make deductions from the wages and

trust account deposits of prisoners for payment of restitution obligations, is rationally related to legitimate state interests in compensating crime victims." McKinley, 2017 U.S. Dist. LEXIS, at *10 (citing Craft v. Ahuja, 475 Fed.App'x. 649, 650 (9th Cir. 2012), citing Turner, 482 U.S. at 89; see also Abney v. Alameida, 334 F.Supp.2d 1221, 1231-32 (S.D. Cal. 2004) (allegations of deductions from a prisoner's trust account to satisfy a restitution order, whether authorized or unauthorized by state law, fail to state a claim for a violation of substantive or procedural due process). Accordingly, to the extent the removal of funds from his prison trust account to satisfy a restitution order was authorized by California law, Plaintiff has not stated a substantive or procedural due process claim upon which relief can be granted. McKinley, 2017 U.S. Dist. LEXIS, at *10.

To the extent that Plaintiff contends the deductions were not authorized in contravention of a court order, Plaintiff has also failed to state a due process claim. Where a prisoner alleges he was deprived of a property interest caused by the unauthorized acts of state officials, either negligent or intentional, he cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. McKinley, 2017 U.S. Dist. LEXIS, at *11 (citing see Zinermon v. Burch, 494 U.S. 113, 129-32, 110 S. Ct. 975, 108 L. Ed. 2d 100 (1990); Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984) (holding that the unauthorized negligent or intentional deprivation of property does not violate due process if a meaningful post-deprivation remedy is available)). California's tort claim process provides that adequate post-deprivation remedy. Barnett v. Centoni, 31 F.3d 813, 816–17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810–895) ("[A] negligent or intentional deprivation of a prisoner's property fails to state a claim under section 1983 if the state has an adequate post deprivation remedy."); see also Teahan v. Wilhelm, 481 F. Supp. 2d 1115, 1120 (S.D. Cal. 2007); Kemp v. Skolnik, No. 2:09-CV-02002-PMP, 2012 WL 366946, at *6 (D. Nev. Feb. 3, 2012) (finding prisoner's alleged loss or destruction of newspaper, magazines, and books failed to state a Fourteenth Amendment claim pursuant to Hudson and noting that "[i]f Plaintiff wishes to recoup the value of the alleged lost materials, he will have to file a claim in small claims court in state court.")).

### C.    Cruel and Unusual Punishments – Eighth Amendment Claim

"The Eighth Amendment provides that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" McKinley, 2017 U.S. Dist. LEXIS at *12 (quoting Norris v. Morgan, 622 F.3d 1276, 1285 (9th Cir. 2010), quoting U.S. Const. amend VIII)).  The Excessive Fines Clause of the Eighth Amendment "limits the government's power to extract payments, whether in cash or in kind, 'as punishment for some offense.'" United States v. Bajakajian, 524 U.S. 321, 328, 118 S. Ct. 2028, 2033, 141 L. Ed. 2d 314 (1998) (quoting Austin v. United States, 509 U.S. 602, 609–610, 113 S.Ct. 2801, 2805, 125 L.Ed.2d 488 (1993) (emphasis deleted)).

Plaintiff has not stated an excessive fines claim because in order "[t]o establish § 1983 liability, a plaintiff must show both (1) deprivation of *a right secured by the Constitution and laws of the United States*, and (2) that the deprivation was committed by a person acting under color of state law." McKinley, 2017 U.S. Dist. LEXIS 96058, at *12 (citing Tsao v. Desert Palace, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012) (emphasis added)).  Plaintiff has not done so.

Neither has Plaintiff stated a cruel and unusual punishments claim.  In order to state an Eighth Amendment cruel and unusual punishments claim, Plaintiff must allege that the fine inflicted upon him is grossly disproportionate to his criminal offense.  United States v. Mackby, 339 F.3d 1013, 1016 (9th Cir. 2003).  Exhibit B to Plaintiff's Complaint indicates that on February 18, 2014, he was sentenced to 19 years in state prison in case YAO87647 for 2d Degree Felony Robbery and Forgery, and assessed restitution of $280.00.  Comp. at 98 (Exh. B). Because Plaintiff does not allege that the amounts collected to pay restitution to the victims of his crimes is grossly disproportionate to his criminal offenses, he has not stated an Eighth Amendment cruel and unusual punishments claim upon which relief can be granted.

Therefore, Plaintiff fails to state a claim under the Eighth Amendment.

## V.    ORDER AND RECOMMENDATIONS

### A.    Order

Accordingly, the Clerk of Court is **HEREBY ORDERED** to randomly assign a United States District Judge to this case.

5

**B.**      **Conclusion and Recommendations**

For the reasons set forth above, the court finds that Plaintiff fails to state any cognizable claims in the Complaint upon which relief may be granted.  Under Rule 15(a) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave to amend when justice so requires."  However, a district court may deny leave to amend when amendment would be futile." Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013).  The court finds that the deficiencies in Plaintiff's Complaint outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted.  28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Therefore, **IT IS HEREBY RECOMMENDED** that pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e):

1.      This case be dismissed, with prejudice, for Plaintiff's failure to state a claim; and

2.      The Clerk be directed to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen days** from the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:   **March 24, 2022**                    **/s/ Gary S. Austin**
                                                        UNITED STATES MAGISTRATE JUDGE